IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ANTHONY J. KITTLESON, | ) | CV. NO. 10-00106 DAE BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SEARS, ROEBUCK AND CO., and | ) | |
| SEARS HOLDINGS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING WITH AND WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motion and the supporting and

opposing memoranda, the Court **GRANTS WITH AND WITHOUT**

**PREJUDICE** Defendant's Motion to Dismiss Complaint.  (Doc. # 4.)  Plaintiff

has until July 15, 2010, to file an Amended Complaint with this Court as to Counts

I and II.

BACKGROUND

On February 26, 2010, Plaintiff Andrew Kittleson ("Plaintiff") filed a

complaint with this Court.  ("Compl.," Doc. # 1.)  On April 5, 2010, Defendant

Sears, Roebuck and Co. ("Defendant" or "Sears") filed a Motion to Dismiss. (See Doc. # 4.) On May 17, 2010, Plaintiff filed an Opposition to Defendant's Motion. ("Opp'n," Doc. # 9.) On May 24, 2010, Defendant filed a Reply in support of its Motion. ("Reply," Doc. # 10.)

Plaintiff's Complaint contains limited factual allegations and most are couched in legal conclusions. Factually, Plaintiff alleges the following: 1) he was hired by Defendant as an Assistant Store Manager at Lihue, Hawaii, on September 1, 2005 (Complaint ¶¶ 4, 7); 2) he is an alcoholic and seeks ongoing treatment for this condition (id. ¶ 7); 3) on October 9, 2006, Plaintiff started a certified rehabilitation program to treat his alcoholism; 4) Defendant denied Plaintiff's request for accommodation for his alcoholism by way of a transfer to a store in Phoenix, Arizona, to be nearer to his family (id. ¶ 10); 5) such a transfer was recommended by his primary physician (id.); 6) Plaintiff's employment with Defendant ended on December 15, 2006 because Plaintiff could not return to work in Hawaii (id. ¶ 4).

Plaintiff makes three claims with regard to his factual allegations: 1) Plaintiff was discriminated against in violation of the Americans with Disabilities Act ("ADA") because of his disability, namely alcoholism (Count I) (id. ¶¶ 12-18); 2) Defendants intentionally caused Plaintiff emotional distress (Count II) (id. ¶¶

19-21); and 3) Defendants negligently caused Plaintiff emotional distress (Count III) (id. ¶¶ 22-25).

In his Complaint, Plaintiff alleges that because he received a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on November 30, 2009, Plaintiff has complied with the administrative pre-requisites. (Id. ¶ 6.)  Plaintiff does not attach his right-to-sue letter to his Complaint, however, Plaintiff attaches a Determination letter from the EEOC stating that it would continue to pursue Plaintiff's claim as an exhibit to Plaintiff's Opposition.  (See Opp'n, Ex. 8.)  Plaintiff also alleges that on August 17, 2009, the EEOC made a determination that Plaintiff had been denied a reasonable accommodation for his disability and was constructively discharged from employment by Defendants." (Id. ¶¶ 6, 15.)  This letter is also not attached to the Complaint, however, the Court believes this to be the same letter attached to Plaintiff's Opposition that purportedly gave Plaintiff the "right to sue," as the EEOC's Determination states: "The Commission's investigation determined there is reasonable cause to believe the Charging Part was denied a reasonable accommodation and constructively discharged because of his disability.  Therefore, I have concluded that the evidence is sufficient to establish a violation of the above-cited statute."  (Opp'n, Ex. 8.)

3

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Review under 12(b)(6) is limited to those "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). However, as the Ninth Circuit has directed:

> in order to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based," a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.

Id. (quotation and internal quotation marks omitted).

A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See id. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted).

In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556-57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption

5

of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conlcusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

The Court notes that both parties seek the admission of exhibits attached to their pleadings for which the contents of the exhibits were allegedly mentioned in the complaint and whose authenticity was not disputed. See In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996). "A court may [] consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id.

Neither party questions the authenticity of the other's exhibits attached to their pleadings. However, here, Plaintiff's Complaint refers explicitly only to the EEOC Determination (Opp'n, Ex. 8) and does not allege the contents of any other documents, although it is possible that the facts that Plaintiff alleges are based upon the documents attached. As the Court has noted, Plaintiff's factual allegations are limited. The Court does not analyze any of the documents submitted by the parties for purposes of the instant motion as the EEOC's Determination cannot serve as a factual basis for Plaintiff's allegations.

## DISCUSSION

I.  Count I

Count I of the Complaint alleges in pertinent part:

> The aforesaid acts and/or conduct constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

(Compl. ¶ 14.) The Americans with Disabilities Act ("ADA") prohibits employment "discriminat [ion] against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Alcoholism may be considered a protected disability under the ADA. See Brown v. Lucky

Stores, Inc., 246 F.3d 1182, 1187 (9th Cir. 2001) (citing Collings v. Longview Fibre Co., 63 F.3d 828, 832 n. 4. (9th Cir 1995)).[1]

To survive a motion to dismiss on his ADA claim, Plaintiff must state facts to show that a claim to relief is plausible on its face. See Wellington v. Lyon County School Dist., 187 F.3d 1150, 1154 (citing Willis v. Pacific Maritime Ass'n, 162 F.3d 561, 565 (9th Cir. 1998)). Specifically, Plaintiff must show:

> (1) that he was disabled within the meaning of the ADA; (2) that he was "qualified," meaning he was able to perform the essential functions of the job at issue, with or without a reasonable accommodation; and (3) that the employer terminated him because of his disability.

See id.

The ADA defines "disability" as including "a physical or mental impairment that substantially limits one or more of the major life activities of [an]

---

[1] The panel in Brown stated that "alcoholism is a protected disability under the ADA," without analyzing the definition of disability. Brown, 246 F.3d at 1187. In doing so, the panel relied on Collings, which noted in dicta that the ADA protects an individual's status as an alcoholic. Collings, 63 F.3d at 832 n. 4. However, the Ninth Circuit has more clearly stated that "[d]rug addiction that substantially limits one or more major life activities is a recognized disability under the ADA." Thompson v. Davis, 295 F.3d 890, 896 (9th Cir. 2002) (citing 28 C.F.R. § 35.104 (2000) ("The phrase physical or mental impairment includes ... drug addiction ....") (emphasis added). Accordingly, the Court construes the Brown panel's statement regarding alcoholism as a disability under the ADA as still requiring an analysis of whether the impairment of alcoholism substantially limits one or more major life activities.

individual." 42 U.S.C. § 12102(2)(A).  Plaintiff's allegations of alcoholism suffice to state a claim for a "physical or mental impairment."  See Brown, 246 F.3d at 1187; Thompson, 295 F.3d at 896.  However, Plaintiff fails to state a plausible claim for relief that his alcoholism substantially limits one or more of the major life activities.  In fact, Plaintiff states no facts regarding any limitations on major life activities caused by his alcoholism.  Plaintiff merely states that his primary physician recommended that he be in Phoenix, Arizona, to be close to his family.  (Compl. ¶ 10.)  Plaintiff fails to claim that he could not perform his job, let alone allege that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(i), (j)(3)(i).

        Here, it appears to the Court that Plaintiff is alleging that he cannot perform any job that is not in Phoenix, Arizona, because his primary physician recommended that Plaintiff be near his family.  (See Compl. ¶ 10); 42 U.S.C. § 12102(2)(A) (listing working as a major life activity).  However, Plaintiff's allegation is simply a course of treatment allegedly recommended by Plaintiff's physician; a recommendation that Plaintiff relocate to Phoenix, without more, does not allege facts on which the Court can infer that Plaintiff's alcoholism substantially impaired his ability to work.  Instead, it appears to the Court that

Plaintiff's allegation regarding his physician's recommendation is related solely to Plaintiff's request for accommodation for a disability he has not adequately alleged.  Before Plaintiff can allege that he was denied reasonable accommodation, he must first allege that he is covered by the ADA due to a cognizable disability.[2]  Accordingly, Plaintiff has failed to state a plausible claim for relief under the ADA.

        Additionally, Plaintiff fails to allege that he was "qualified," meaning he was able to perform the essential functions of the job at issue, with or without a reasonable accommodation.  Plaintiff's Complaint also lacks non-conclusory factual content plausibly suggesting that he is able to perform the "essential functions" of the position and "satisfy the requisite skill, experience, education and other job-related requirements of the position" that Plaintiff held in Hawai`i or that of the position that Plaintiff desired in Arizona.  See 42 U.S.C. § 12112(a); 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m), (n); Rohr v. Salt River Project Agric. Improvement & Power Dist., 555 F.3d 850, 862 (9th Cir. 2009).

        For all the reasons above, Plaintiff's claim of discrimination does not provide adequate supporting factual allegations.  Without more, Plaintiff's

---

[2] Plaintiff also does not allege a record of a substantially limiting impairment or that he is regarded by Defendant as having a substantially limiting impairment, under 42 U.S.C. § 12102(1)(B) and (C).

conclusory allegations will not survive a motion to dismiss.  However, it may be possible for Plaintiff to state a claim if provided with the opportunity to amend his Complaint.  Accordingly, the Court GRANTS WITHOUT PREJUDICE Defendant's Motion to dismiss Count I.

II.     Count II

> Count II of the Compliant alleges that:
>
> Defendants and its employees' treatment of Plaintiff as stated herein, constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society.  Defendants and its employees' actions as described above were done with malice and with the intent to cause, or the knowledge that it would cause, severe mental distress to Plaintiff.

(Compl. ¶ 20.)

For a claim of intentional infliction of emotional distress, a plaintiff must show that "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Enoka v. AIG Haw. Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006) (citation omitted).   There is no clear definition of what is prohibited outrageous conduct. Young v. Allstate Ins. Co., 198 P.3d 666, 688 (Haw. 2008) (citation omitted). However, the term "outrageous" has been construed to mean 'without just cause or excuse and beyond all bounds of

decency.'" Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d 655, 670 n. 12 (Haw. 1997)). "'[E]xtreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" Id. (citation omitted).

From the face of the Complaint, Plaintiff provides absolutely no factual allegations or basis for reasonable inferences that he was subjected to outrageous conduct that caused him extreme emotional distress or that any conduct by Defendants was intentional or reckless. Plaintiff's Complaint contains little more than a formulaic recitation of statutory elements and fails to provide facts plausibly suggesting any claim entitling Plaintiff to relief.   However, again, it may be possible for Plaintiff to state a claim if provided with the opportunity to amend his Complaint. Accordingly, the Court GRANTS WITHOUT PREJUDICE Defendant's Motion to dismiss Count II.

III.   Count III

Count III of the Complaint alleges that:

> By their actions as described above, Defendants and its employees negligently inflicted emotional distress on Plaintiff. . . . As a direct and proximate result of Defendants and its employees' actions, Plaintiff has suffered and continues to suffer emotional and/or mental distress, thereby entitling Plaintiff to relief related thereto, as stated herein.

(Compl. ¶¶ 23-25.)

For a claim of negligent infliction of emotional distress, a plaintiff must show (1) "[a] duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks;" (2) "[a] failure on the defendant's part to conform to the standard required: a breach of the duty;" (3) "[a] reasonably close causal connection between the conduct and the resulting injury;" and (4) "[a]ctual loss or damage resulting to the interests of another." Doe Parents No. 1 v. State, Dep't of Educ., 58 P.3d 545, 579 (Haw. 2002). Generally, in order to show actual loss or damage, a plaintiff must also show that someone was physically injured by the defendant's conduct, be it the plaintiff or another person. Id. at 580-81.

Plaintiff's Complaint contains absolutely no factual allegations or basis for reasonable inferences to support either theory of liability. In fact, the Complaint fails to make even conclusory allegations in support of all necessary elements of Plaintiff's third cause of action. Plaintiff's Complaint contains little more than a formulaic recitation of statutory elements and fails to provide facts plausibly suggesting any claim entitling Plaintiff to relief.

Moreover, the Court finds that workers compensation is the exclusive remedy for negligent infliction of emotional distress claims by employees. See

HRS § 386-5; <u>Luzon v. Atlas Ins. Agency, Inc.</u>, 284 F. Supp. 2d 1261, 1263-64 (D. Haw. 2003) ("Under Hawaii law, claims for negligent infliction of emotional distress are barred by Haw. Rev. Stat. § 386-5, unless the claims relate to sexual harassment or assault."). Accordingly, the Court GRANTS WITH PREJUDICE Defendant's Motion to dismiss Count III.

## CONCLUSION

In sum, Plaintiff's Complaint provides factual allegations showing merely that his claims were possible but does not provide the Court with information to find that such discrimination was plausible. For the reasons stated above, the Court **GRANTS WITH AND WITHOUT PREJUDICE** Defendant's Motion to Dismiss Complaint. (Doc. # 4.) Plaintiff has until July 15, 2010, to file an Amended Complaint with this Court as to Counts I and II. Any Amended Complaint must comply with the dictates of this Order and cure all factual deficiencies for any counts Plaintiff elects to pursue. The Court emphasizes that this Order in no way grants Plaintiff leave to add claims or allegations to those articulated in the Complaint. Rather, the Complaint shall only constitute a formal

representation of the allegations and claims that remain.  Failure to comply with this Order may result in dismissal of this action.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, June 15, 2010.

_____
David Alan Ezra
United States District Judge

<u>Kittleson v. Sears, Roebuck & Co. et al.</u>, Cv. No. 10-00602 DAE BMK; ORDER GRANTING WITH AND WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS COMPLAINT